UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Frank Johnson,<br><br>       Plaintiff,<br><br>  v.<br><br>City of Columbia Police Department, Investigator Walter Bales, Chief Charles Clarke (sic), and Manager Charles P. Austin, Sr., sued in their individual capacity and official capacities,<br><br>       Defendants. | C/A No. 9:05-3398-GRA-GCK<br><br><br>ORDER<br>(Written Opinion) |

  This matter is before the Court for a review of the magistrate's Report and Recommendation filed on June 2, 2006, and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(d), D.S.C.  The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On December 6, 2005, this case was removed from State Court by the defendants. On December 9, 2005, an order was issued by the magistrate advising all parties of the removal of this case from the Court of Common Pleas for Richland County, South Carolina.  This order also directed the plaintiff to notify the Clerk of Court in writing of any change of address. On December 27, 2005, the mail was returned marked "released". On January 4, 2006, the magistrate issued an order advising of the removal to the federal court and noting that the defendants had sent their original Notice of Removal to KCI and a private mailing address in Columbia, South Carolina. The order was mailed to the

1

plaintiff at 3422 West Avenue, Columbia 29202. The envelope was not returned to the Court.

On March 28, 2006, the defendants filed a motion for summary judgment. On April 3, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. Despite this explanation, the plaintiff elected not to respond to the motion.

As the plaintiff is proceeding *pro se*, the magistrate filed a second order on May 9, 2006, giving the plaintiff an additional twenty days in which to file his response to the motion for summary judgment. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute. The plaintiff elected not to respond.

In the magistrate's Report and Recommendation, the magistrate recommends dismissing this action for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the reasons stated herein, the recommendation of the magistrate is adopted, and the case is DISMISSED.

Plaintiff brings this action *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Haines v. Kerner*, 404

2

U.S. 519, 520 (1972).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id*.

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The plaintiff has not filed objections to the Report and Recommendation.

After a review of the magistrate's Report and Recommendation, this Court finds the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

IT IS THEREFORE ORDERED that this action be DISMISSED for lack of prosecution.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

June   28  , 2006.

### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.

4